IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CAMESHA LASHAY EDWARDS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:19-cv-2437-N-BN |
| | § | |
| JOHN WILEY PRICE, ET AL., | § | |
| | § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

Plaintiff Camesha Lashay Edwards brings this *pro se* action against three Dallas County commissioners, making various allegations, many of which may be related to (or stem from) her alleged termination from Dallas County's health department in 2014. *See* Dkt. No. 3. Her action has been referred to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b)(1) and a standing order of reference from United States District Judge David C. Godbey. The Court has granted her leave to proceed *in forma pauperis* ("IFP"). And the undersigned enters these findings of fact, conclusions of law, and recommendation that the Court should dismiss Edwards's complaint as factually frivolous and/or for failure to state a claim without prejudice to her filing an amended complaint within a reasonable time to be set by the Court.

Edwards begins her complaint by alleging that

> multiple individuals [have harassed and stolen] at least $20,000 dollars worth of family values from my home via operation of criminals from prison and the Juvenile department moving around me stalking, gas

> lighting and continued duress. From May 9, 2014 since reporting being sexual harassed at the Dallas County Health and Human Services Department, members of an organized crime like occult have deliberately stalked me for every county I have lived in since the selling of my home in 2015. I had to sale my home because I was not allowed to use a loan modification program ... because County Commissioner over funding viewed me as a Republican.

Dkt. No. 3 at 1.

She then makes allegations, including (1) against county officials; (2) related to her purchase of a car; (3) claiming that she was blacklisted and, as a result, denied public assistance; (4) asserting she was retaliated against for refusing to be forced into prostitution by county officials; and (5) concerning her mother's lack of a headstone. *See id.* at 2-4.

A district court may summarily dismiss a complaint filed IFP if it concludes that the action:

> (i) is frivolous or malicious;
> (ii) fails to state a claim on which relief may be granted; or
> (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B).

An action is frivolous if it lacks an arguable basis in either law or fact. *See Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *see also Brewster v. Dretke*, 587 F.3d 764, 767 (5th Cir. 2009) ("A claim may be dismissed as frivolous if it does not have an arguable basis in fact or law."). And a complaint is without an arguable basis in law if it is grounded upon an untenable, discredited, or indisputably meritless legal theory, including alleged violations of a legal interest that clearly does not exist. *See Neitzke*,

490 U.S. at 326-27; *Berry v. Brady*, 192 F.3d 504, 507 (5th Cir. 1999). Claims within a complaint lack an arguable basis in fact if they describe "fantastic or delusional scenarios," *Neitzke*, 490 U.S. at 327-28, and such claims may be dismissed

> as factually frivolous only if the facts alleged are clearly baseless, a category encompassing allegations that are fanciful, fantastic, and delusional. As those words suggest, a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them.

*Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992) (citations and internal quotation marks omitted).

Dismissal for failure to state a claim "turns on the sufficiency of the '*factual* allegations' in the complaint." *Smith v. Bank of Am., N.A.*, 615 F. App'x 830, 833 (5th Cir. 2015) (per curiam) (quoting *Johnson v. City of Shelby, Miss.*, 574 U.S. 10, 12 (2014) (per curiam); emphasis added by *Smith*). And the Federal Rules of Civil Procedure "do not countenance dismissal of a complaint for imperfect statement of the legal theory supporting the claim asserted." *Johnson*, 574 U.S. at 11.

Indeed, to survive dismissal under the framework of *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), a plaintiff need only "plead facts sufficient to show" that the claims asserted have "substantive plausibility" by stating "simply, concisely, and directly events" that he contends entitle him to relief. *Johnson*, 574 U.S. at 12 (citing FED. R. CIV. P. 8(a)(2)-(3), (d)(1), (e)); *see also Inclusive Communities Project, Inc. v. Lincoln Prop. Co.*, 920 F.3d 890, 899 (5th Cir. 2019) ("Determining whether a complaint states a plausible claim

for relief' is 'a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.'" (quoting *Iqbal*, 556 U.S. at 679; citing *Robbins v. Oklahoma*, 519 F.3d 1242, 1248 (10th Cir. 2008) ("[T]he degree of specificity necessary to establish plausibility and fair notice, and therefore the need to include sufficient factual allegations, depends on context."))).

That rationale has even more force in this case, as the Court "must construe the pleadings of *pro se* litigants liberally." *Andrade v. Gonzales*, 459 F.3d 538, 543 (5th Cir. 2006).

Edwards's current complaint lacks a logical set of facts that supports a claim for relief. And to the extent that her claims are not factually frivolous, she has so far failed to allege facts that support a plausible claim for relief. *See, e.g., Inclusive Communities Project*, 920 F.3d at 899 ("Where the well-pleaded facts of a complaint do not permit a court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – 'that the pleader is entitled to relief.'" (quoting *Iqbal*, 556 U.S. at 678 (quoting, in turn, FED. R. CIV. P. 8(a)(2)))). But, because she is proceeding *pro se*, she should be allowed to file an amended complaint to state her best case after being advised of the pleading standards set out above.

## Recommendation

The Court should dismiss Plaintiff Camesha Lashay Edwards's complaint as factually frivolous and/or for failure to state a claim without prejudice to her filing an amended complaint within a reasonable time.

A copy of these findings, conclusions, and recommendation shall be served on all

parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: October 22, 2019

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE